ØŠÒÖ
GⒺGFÁT ŒÜÅF€ÅFGKFFÁT
SⒹÕÁÔUWÞVŸ
ÙWÚÒÜⓊJÜÁÔUWÜVÁÔŠÒÜS
ÒĖZŠÒÖ
ÔŒⒺÒÂⱮŐ€ĔGĔ̈Ï FJ€ĔÍ ÁSÞV

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR KING COUNTY

| | | |
|---|---|---|
| AMULE NYAMBI, | | No. |
| | Plaintiff, | |
| vs. | | COMPLAINT FOR DAMAGES |
| DELTA AIRLINES, INC a foreign corporation and Jane and John Does 1-10. | | |
| | Defendants. | |

COMES NOW the Plaintiff, by and through his attorney, sets forth his Cause of Action as follows:

**NATURE OF THE CLAIM**

1.)     This is an action brought by the plaintiff on behalf of himself, against Delta Airlines (Delta) and the employees, administrators, managerial and supervisorial staff of Delta.   The plaintiff seeks declaratory relief and monetary damages to redress physical and mental harm and the deprivation of rights accorded the plaintiff.   The plaintiff was the victim of tortuous acts and discriminatory conduct which occurred while he was employed with the Defendant Delta and was unlawfully terminated from his position

**Amended Complaint Page 1**

HAROLD H. FRANKLIN, JR. WSBA #20486
459 SENECA AVE NW
Renton, WA 98057
(206)617-7031

Exhibit 1
Page 1 of 12

with Delta as a result of the unlawful and negligent policies and practices of the Defendants, and as a result

of those negligent acts and policies the plaintiff suffered damages to his person and property.

## I.

## JURISDICTION

2.)     The Defendants' wrongful, unlawful and negligent policies and practices alleged by the

plaintiff were committed in Seatac, Washington, which is within the jurisdiction of the King County

Superior Court.

## II.

## VENUE

3.)     Venue is proper in this Court in as much as the Defendant Delta conducted business in King

County and maintains an office in King County, Washington.  All the other Defendants named as Jane and

John Does 1-10, whose names are not know at this time are or were employees, administrators, or

managerial and supervisorial staff of Delta, and can be found in King County, Washington.   Last, all the

causes of action alleged by the plaintiff, arose and occurred in King County, Washington.

## III.

## PARTIES

4)      Plaintiff, Amule Nyambe, is an adult citizen who was and throughout that time, a resident

of King County, Washington.

5)      Delta is a foreign corporation, whose principal offices are in Atlanta, Georgia, and are

duly licensed to conduct business in the state of Washington. Personal jurisdiction over the

Defendants is obtained by service on its Corporate Agents.  All the other named Defendants are

**Amended Complaint Page 2**

HAROLD H. FRANKLIN, JR. WSBA #20486
459 SENECA AVE NW
Renton, WA 98057
(206)617-7031

Exhibit 1
Page 2 of 12

employees, administrators, or managerial and supervisorial staff of King County who are located in

Seattle, Washington.  The Defendants, John and Jane Does 1-10,  who names are not all known, are

all employees, administrators, or managerial and supervisorial staff of Delta.  Each and every one of

these named Defendants has a master/servant relationship with their employer.  While conducting

their official duties, all of the above-named Defendants engaged in tortuous conduct when they

unlawfully discriminated against the plaintiff and maintained a pervasive atmosphere which

perpetuated the mistreatment of the plaintiff and Delta is vicariously liable for the tortuous acts

committed by their employees in the normal course of business.

**IV.**

**STATEMENT OF FACTS**

6.) Plaintiffs repeat, re-allege, and hereby incorporate by reference each and every allegation in

paragraphs 1 through 5 as set forth herein in full, and plaintiffs further allege as follows:

7.) Mr. Nyambi began working for Delta in August 4, 2011 as a Ramp Agent and was later

promoted to the position of Lead Agent.

8.)  After his employment as a Lead Agent, on January 26, 2015, Mr. Nyambi was falsely accused

of misconduct and was being harassed by his managers and was subjected to a hostile work environment

due to his race and national origin.  He reported the incidents to his managers and supervisors but nothing

was ever done to correct the hostile work environment and harassment he was experiencing from his

managers, coworkers and people he lead.  As a result of these conditions, he filed a complaint with the

Washington State Human Rights Commission on March 30, 2015.  However, this did not stop Delta's

disparate treatment of Mr. Nyambi.  In December of 2016, Mr. Nyambi was having a discussion with

**Amended Complaint Page 3**          HAROLD H. FRANKLIN, JR. WSBA #20486
                                      459 SENECA AVE NW
                                      Renton, WA 98057
                                      (206)617-7031

Exhibit 1
Page 3 of 12

Caroline Carter about his trip to Las Vegas the only picture that he showed her was a picture of himself Tina and her cousin, seated at a bar.  This was the only picture he showed any Delta employee.  Delta has policies against discrimination of any kind in the workplace, as well as violence and non-retaliation policies, but failed to enforce those policies involving people of color like Mr. Nyambi.  Delta employees are encouraged to report concerns to Delta supervisors.  However when Mr. Nyambi reported his concerns to his supervisors his complaints were ignored.  For example, Mr. Nyambi's, "Record and Team Journal" confirms that he reported an incidence of harassment and hostile work environment in February 2017, which Delta acknowledged receiving.  However, Delta didn't provide any evidence, documentation or statements or any other proof that they investigated Mr. Nyambi's complaint as they provided below.  This is clear evidence that Mr. Nyambi's complaint of discrimination and harassment were treated differently than complaints made against him.  Furthermore, Delta stated in their position statement that Samantha Vergara, Mr. Nyambi's direct supervisor, and flatly denied any sexual relationship with Mr. Nyambi.  However Mr. Nyambi disputed this statement by producing a photo of he and Ms. Vergara in bed together.  Mr. Nyambi ended the relationship with Ms. Vergara after he learned she was married at that time. Shortly after ending the relationship with Mr. Vergara in late November 2016, nearly anytime Mr. Nyambi would try to coach his co-workers as the Agent in Charge (AIC) about their job in the Bag Room, there would be conflicts and confrontations and his coworkers would say, "you ain't sh*t, stupid African You just an (AIC) and not get getting any override pay." (sic).  When he reported this treatment to Ms Vergara, his supervisor, she didn't do anything to stop it.  In addition, on at least three occasions, Erick Shields, a Delta employee, attacked Mr. Nyambi verbally and yelled at him right in his face.  Mr. Shields conduct was a clear violation of Delta's policies against discrimination and

**Amended Complaint Page 4**

HAROLD H. FRANKLIN, JR. WSBA #20486
459 SENECA AVE NW
Renton, WA 98057
(206)617-7031

Exhibit 1
Page 4 of 12

antiharassment and/or work place violence.  Mr. Nyambi reported these incidences to Ms. Vergara, but

nothing was done to resolve the matter.  After the hostility and harassment continued, Mr. Nyambi

reported these issues directly to Station Manager Shane Bogni, unfortunately, even after reporting these

incidences to Mr. Bogni, the hostility and the harassment continued and went on for several months.

9.) Finally, because nothing was done by his superiors to stop the hostility and harassment Mr.

Nyambi was experiencing, on February 8, 2017,  he wrote an email to Samantha Vergara and Shane

Bogni and Georgiana Murphy explaining that he was stepping down from his position as AIC due to the

ongoing hostility and harassment he was experiencing.  On February 15, 2017, Mr. Nyambi was called

into a meeting with Samantha Vergara and Shane Bogni.  In that meeting, Mr. Nyambi was asked to

withdraw his email and write another statement, about not getting paid as an AIC and not having enough

agents or people in the Bag Room, but he refused to withdraw his email.  During that meeting, Mr.

Nyambi also asked to see his employee records and team journal and he was denied access to these

items.  Shortly after the February 15, 2017 meeting, Mr. Nyambi, went on vacation for about 3 weeks

and almost immediately after his return to work he was suspended and shortly after that, he was

terminated.

10.) This termination was based on allegations made by Delta from an internal memorandum

dated  March 22, 2017, Mr Nyambi received, which stated that Delta interviewed five employees and

these employees falsely accused Mr. Nyambi of showing an inappropriate video and picture in the work

place. But the witnesses' statements did not support the allegation.  Elaine Zadneprovskaya who was

supposed to be the subject of the alleged video stated in her statement dated March 21, 2017, "she was

subject to inappropriate video with Nyambi performing sexual acts didn't provide consent for sharing of

**Amended Complaint Page 5**

HAROLD H. FRANKLIN, JR. WSBA #20486
459 SENECA AVE NW
Renton, WA 98057
(206)617-7031

Exhibit 1
Page 5 of 12

the video in the work place". (sic).   Further in Ms. Zadneprovkaya's statement she states "she was told

by Mercedes Tremble Williams in mid to late January 2017 about a video of her being showed on the

ramp, and that she never seen any video or pictures of her been showed and she also stated she had

communicated with Nick Allen shortly after seeing Amule Nyambi and she had exchanged texts and

photos with nick Allen, and it was just between her and Nick Allen." (sic).  Thus, based on her statement

it appears that the videos involved she and Nick Allen and not Mr. Nyambi.

   11.) Another witness, Mercedes Tremble Williams stated in her statement dated March 21, 2017,

that "she was told that Jordan Clements had seen a video of her friend Elaine, but she did not think much

of it. And changed the topic, but later that day Jordan Clements explained to her that there were videos.

And it was Elaine and red coat agent named Tina giving an agent by the name of Mula oral sex, she also

stated she never knew Mula or seen him". (sic).  Ms. Williams never accused Amule of showing her or

seeing any inappropriate video or pictures in the workplace, but was told by Jordan Clements that there

was a video and pictures of  Ms. Zadneprovkaya, Tina and Mr. Nyambi.  Which was and is disputed by

Mr. Nyambi.

   12.) Jordan Clements was interviewed by phone on March 9, 2017, and he contradicts Delta's

accusation that Mr. Nyambi was showing videos and pictures in the workplace. When Mr. Clement  was

specifically asked about photos or video that Mr. Nyambi allegedly shared in the workplace, Jordan

stated, "that he never saw them or wanted to be part of that situation." Which contradicted Ms. Williams'

statement which stated that Mr. Clements was the one who told her that there was a video and picture of

Elaine and Tina.  Therefore, Mr. Clements statement did not corroborate the allegations made by Delta.

   13.) Delta also stated in their internal memorandum dated March 22, 2017 that Carolyn

**Amended Complaint Page 6**                     HAROLD H. FRANKLIN, JR. WSBA #20486
                                                459 SENECA AVE NW
                                                Renton, WA 98057
                                                (206)617-7031

Exhibit 1
Page 6 of 12

Carter viewed a video of sexual acts and identified in it other Delta employees.  However, in Ms. Carter's statement she never mentions anything about a video or pictures.  Ms. Carter did see a picture of Mr. Nyambi in a bar with Tina, but the picture was not sexually explicit in any way.

14.) Finally, Delta stated that James Davis viewed a sexually explicit video sent to him by Mr. Nyambi, which Mr. Davis sent to Shane Bogni, after receiving it from Mr. Nyambi, however, this allegation is completely false.  First, Delta never provided any video or pictures of Mr. Nyambi and other Delta employees involved in sexually explicit acts; furthermore, there are no records to show that Mr. Nyambi texted, called, emailed or sent a link to Mr. Davis or his social media account page or pages. There is no proof that Mr. Nyambi participated in any way with the dissemination of sexually explicit videos or pictures in the workplace and that Delta falsely accused Mr. Nyambi as a pretext to justify their termination of him because they failed to enforce their anti-discrimination and retaliation policies when Mr. Nyambi reported these violations to his supervisors.

15.) As further justification of their discriminatory treatment of Mr. Nyambi, Delta accused Mr. Nyambi of threatening coworkers with voodoo if they participated in Delta's fabricated investigation. However, none of the employees statements corroborated Delta's allegations. In early December 2016, Ms Carter asked Mr. Nyambi questions about the voodoo religion at work and in response to her question, he told her that because of is African nationality and his cultural upbringing, he believed that voodoo was real.  He also shared with her that there were documentaries about it and also how voodoo had ruined peoples' lives.  Also another co-worker at Delta, Lloyd Luncker, who is of Haitian decent, was walking by and Mr. Nyambi called him over and he confirmed that the religion of voodoo was real to him and it happens.  The conversation was innocent and there were no threats either expressed or

**Amended Complaint Page 7**

HAROLD H. FRANKLIN, JR. WSBA #20486
459 SENECA AVE NW
Renton, WA 98057
(206)617-7031

Exhibit 1
Page 7 of 12

implied by Mr. Nyambi or Mr. Luncker against anyone.  The conversation about voodoo was brief and

the parties joked a bit about it and laughed and then they all went back to work without incident.

16.) Mr. Luncker confirmed Mr. Nyambi's statement regarding his discussion with Ms. Carter

about voodoo but Delta did not include his statement with the others when the investigation was

submitted to the Human Resource Office.  Furthermore, the date Ms. Carter referred to in her statement

that Mr. Nyambi threatened her on February 2, 2017, was about her spreading rumors that Mr. Nyambi

would be fired and this exchange was supported by the exchanged text messages of their conversation

on that day.  In those messages, there were no threats made by Mr. Nyambi either expressed or implied.

17.) Ms. Williams's statement dated 3/21/2017, stated that she felt uncomfortable and unsafe

relative to discussions regarding voodoo, but her statement does not mention that Mr. Nyambi was

threatening her not to cooperate with Delta in their investigation.  She stated, "I am guessing he told

Jordan Clements he knew me and he knows voodoo".  But her statement shows Mr. Nyambi never

threatened her but someone may have told her that he did.

18.) On March 9, 2017, Delta airlines interviewed Mr. Clements and he stated that Amule told

him that, "he would bring voodoo upon him, he said that Amule was very specific about the fact he and

his family will be homeless". (sic)  Mr. Clements does not state when and where Mr. Nyambi threatened

him with voodoo, but more importantly, Mr. Nyambi did not even know he was under investigation

because he had been on vacation just prior to being suspended.  Moreover, Mr. Nyambi was interviewed

on March 14, 2017,   Ms. Carter's statement is dated February 11, 2017 and Mr. Clements was

interviewed on March 9, 2017.   All the other witnesses wrote their statements after Mr. Nyambi was

interviewed on March 14, 2017 and suspended on the same date.  Nor did Mr. Nyambi know who Delta

**Amended Complaint Page 8**                         HAROLD H. FRANKLIN, JR. WSBA #20486
                                                     459 SENECA AVE NW
                                                     Renton, WA 98057
                                                     (206)617-7031

Exhibit 1
Page 8 of 12

would be interviewing for their investigation because they did not disclose this information to Mr.

Nyambi

19.) There was no basis or support for these accusations, however, on March 14, 2017, Mr. Nyambi

was suspended from his employment with Delta and he was terminated from his employment on April 21,

2017 due to these false accusations.  Even though, there was not sufficient support for the accusations made

against him.  The plaintiff believes he was terminated from his employment because of his race and national

origin.

20.)  Mr. Nyambi received a right to sue letter dated August 28, 2020.

**V.**

**CAUSE OF ACTION**

**A. DISCRIMINATION ON THE BASIS OF RACE, AND NATIONAL ORIGIN WASHINGTON
LAWS AGAINST DISCRIMINATION, (WLAD) RCW 49.60 et  seq. and VIOLATION OF 42 USC
§2000(e) et seq.,  TITLE VII OF THE 1964 CIVIL RIGHTS ACT, TITLE I OF THE CIVIL RIGHTS
ACT OF 1991.**

21.)     Plaintiffs repeat, re-allege, and hereby incorporate by reference each and every allegation in

paragraphs 1 through 20 as set forth herein in full, and plaintiffs further allege as follows:

22.)     Defendants have intentionally and negligently discriminated against the plaintiff on account

of his race and national origin in violation of the WLAD, RCW 49.60 et seq. and TITLE VII of the1964

Civil Rights Act and Title I of the Civil Rights Act of 1991 as amended by creating and maintaining a

racially pervasive and discriminatory work environment which perpetuated the discriminatory treatment of

the plaintiff, by denying the plaintiff equal terms and conditions in his employment, due to his race, and

**Amended Complaint Page 9**

HAROLD H. FRANKLIN, JR. WSBA #20486
459 SENECA AVE NW
Renton, WA 98057
(206)617-7031

Exhibit 1
Page 9 of 12

national origin.

23.) As an actual, proximate, and direct result of the defendants' racially discriminatory policies and practices the plaintiff has suffered injury, and such injury to the plaintiff resulted in damages to the plaintiff's persons and property.

## SECOND CAUSE OF ACTION

## WRONGFUL DISCHARGE/TERMINATION

24.) Plaintiff repeats, re-alleges, and hereby incorporates by reference each and every allegation in paragraphs 1 through 23 as set forth herein in full, and plaintiff further alleges as follows:

25.) As a result of the unlawful practices of the Defendants, the plaintiff was wrongfully terminated from his employment with the Defendants in violation of state and common law when he attempted to exercise his rights by reporting the illegal and discriminatory behavior of the Defendants,

26.) The plaintiff also had an actual or implied employment contract with the Defendants, and the Defendants, unlawfully breached their employment contract with the plaintiff, and wrongfully terminated him.

27.) As a direct and proximate result of the Defendants' wrongful termination, the plaintiff suffered damages to his economic interests, person and property.

## CAUSATION AND DAMAGES

28.) Plaintiff repeats, re-alleges, and hereby incorporates by reference each and every allegation in paragraphs 1 through 27 as set forth herein in full, and plaintiff further alleges as follows:

29.) Equitable relief or prospective relief alone is inappropriate here.  Rather, the plaintiff is entitled to general and special damages, reasonable attorney's fees, and the broadest of monetary damage

**Amended Complaint Page 10**

HAROLD H. FRANKLIN, JR. WSBA #20486
459 SENECA AVE NW
Renton, WA 98057
(206)617-7031

Exhibit 1
Page 10 of 12

remedies.

30.)   As a direct and proximate cause of the Defendants above-described tortuous conduct, and their violations of statutory and common law, the plaintiff has suffered substantial special and general damages of a kind that would be normally foreseeable;

31.)   As a direct and proximate result of the above-described acts of the Defendants, the plaintiff has suffered severe emotional distress, inconvenience, pain and suffering, humiliation, anxiety, loss of enjoyment of life, loss of self respect and other non-pecuniary losses as previously alleged herein, and the plaintiff will continue to suffer these losses into the foreseeable future.

32.)   As a direct and proximate result of the above-described acts of the Defendants, the plaintiff suffered special damages for costs associated with the any medical and prescription costs, and pending damages for further medical treatment.

33.)   The plaintiff prays for attorney's fees, costs, and any pre-judgment interest to date;

34.)   Such other and further relief as the law provides to remedy the plaintiff's injuries

## VI.

## PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff respectfully requests that this Court grant the following relief:

1.) Enter a judgment that the acts and practices of the Defendants complained of herein are in violation of the laws of the State of Washington and/or common law;

2.) Award the plaintiff compensation for all present, and future lost wages; including without limitation;

3.) Award the plaintiff compensation for all past, present, and future medical and related health care

**Amended Complaint Page 11**

HAROLD H. FRANKLIN, JR. WSBA #20486
459 SENECA AVE NW
Renton, WA 98057
(206)617-7031

Exhibit 1
Page 11 of 12

expenses;

4.) Award the plaintiff compensatory damages for all past, present, and future pain and suffering and other general and non-pecuniary and punitive damages as herein before alleged;

5.) Award the plaintiff compensatory damages for all past, present, and future loss of enjoyment of life;

6.) Award the plaintiff the costs of this action, including the fees and costs of experts, together with reasonable attorney's fees.

7.) Award the plaintiff total damages in amount to be proven at the time of trial.

8.) Grant an Order restraining the Defendants from retaliating against any the witnesses, including employees who participate in this litigation.

9.) Grant the plaintiff such additional and further relief as this Court deems necessary, just, and equitable.

Respectfully Submitted this 8th day of March, 2021.

/s/Harold H. Franklin, Jr
WSBA #20486
Attorney for the Plaintiff
haroldfranklin1@comcast.net

**Amended Complaint Page 12**

HAROLD H. FRANKLIN, JR. WSBA #20486
459 SENECA AVE NW
Renton, WA 98057
(206)617-7031

Exhibit 1
Page 12 of 12